IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CAMILLE R. MCKEE                                                      PLAINTIFF

V.                                          NO. 14-3083

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Camille R. McKee, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

## I.    Procedural Background:

Plaintiff filed her current application for SSI on January 20, 2012, alleging an inability to work since January 20, 2012, due to back problems, depression, hearing loss, asthma, knee problems, and hips. (Tr. 19, 66, 79).  An administrative hearing was held on April 10, 2013, at which Plaintiff appeared with counsel, and she and a friend testified. (Tr. 198-239).

By written decision dated June 14, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – degenerative disc disease of the lumbar spine, scoliosis, degenerative joint disease of the

knees, bilateral sensorineural hearing loss, and asthma. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except she has moderate bilateral hearing loss, but she has hearing aids and can understand conversational speech, she needs to work in a controlled environment, and should not be exposed to dust, fumes, or smoke in certain amounts of temperature extremes.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was capable of performing past relevant work as a general office clerk and grocery checker. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 4, 2014. (Tr. 3-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a

reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the

3

impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.  Discussion:

Plaintiff raises the following issue in this matter – whether the ALJ erred in failing to find Plaintiff's hip pain/bursitis a severe impairment. (Doc. 9).

### A.  Severe Impairment:

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

The Court first notes that there are minimal medical records in this case.  On April 27, 2012, Dr. Shannon Brownfield conducted a General Physical Examination, wherein Dr. Brownfield found Plaintiff had reduced range of motion in her hip with significant pain, and that Plaintiff could not squat/arise from a squatting position due to her hip pain. (Tr. 136-137).  Dr. Brownfield concluded that Plaintiff had moderate limitation in prolonged

4

"position/stoop/lift/stand." (Tr. 138).   On April 28, 2012, non-examining consultant, Dr. Sharon Keith, completed a Physical RFC Assessment form, wherein she found Plaintiff could perform light work with certain postural and environmental limitations. (Tr. 139).

On July 3, 2012, another General Physical Examination was performed by Dr. Anandaraj Subramanium, wherein he found Plaintiff had 90 degrees range of motion in flexion of both of her hips, rather than the normal 100 degrees, and 100 degrees range of motion in flexion of her knees, rather than the normal 150 degrees. (Tr. 168).   He also found that Plaintiff had 70 degrees range of motion in flexion of her lumbar spine, rather than the normal 90 degrees. (Tr. 168).   Dr. Subramanium reported that Plaintiff could perform all limb functions, except she could not walk on her heel and toes and could not squat/arise from a squatting position. (Tr. 169).   He did not diagnosis Plaintiff with a hip condition, but rather diagnosed her with a history of chronic back pain with left lower extremity radiculopathy, history of bilateral hearing loss, history of asthma, and a history of knee pain. (Tr. 170).   He concluded Plaintiff had moderate limitation in prolonged "walk, stand, sit, lift, carry or handle or hear." (Tr. 170).

On August 21, 2012, non-examining consultant, Dr. Alice M. Davidson, completed a Physical RFC Assessment, wherein she found that Plaintiff could perform light work with postural restrictions, hearing restrictions, and environmental restrictions. (Tr. 192).

Considering the above records, it is clear that Plaintiff sought no medical treatment during the relevant time period for hip pain or bursitis, which contradicts her claim of a severe impairment in her hips. See Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997); Williams v. Sullivan, 960 F.2d 86, 89 (8th Cir. 1992).   An impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a

claimant's statement of symptoms.  20 C.F.R. §416.908.  "While '[s]everity is not an onerous requirement for the claimant to meet …it is also not a toothless standard.'"  Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015)(quoting Kirby v. Astrue, 500 F.l3d 705, 708 (8th Cir. 2007).

Nor has Plaintiff proven or alleged any particular additional limitations on the RFC that arise from hip pain/bursitis.  Finally, even though Plaintiff asserts that she was unable to afford treatment, there is no indication that Plaintiff was turned down by any health care provider for financial reasons.  Further, Plaintiff smoked cigarettes, and was somehow able to afford cigarettes, which discredits her disability allegations.  See Lewis v. Barnhart, 353 F.3d 642, 647 8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999).

In his decision, the ALJ noted that Plaintiff reported she had arthritis in her back, hips, and knees, and that Plaintiff's medications included Naproxen and Chantix. (Tr. 13-14). He also discussed Plaintiff's daily activities, and the fact that no physician placed any functional restrictions on her activities that would preclude work activity. (Tr. 14).

Based upon the foregoing, the Court finds that Plaintiff has failed to meet her burden of proving that she has a severe impairment of hip pain/bursitis, and finds there is substantial evidence to support the ALJ's decision regarding severe impairments.

**B.  Credibility:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical

6

evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The Court finds there is substantial evidence to support the ALJ's credibility analysis.

**C.  RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'"  Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

7

As stated earlier, the ALJ found Plaintiff had the RFC to perform light work with moderate hearing loss and environmental limitations.  The ALJ discussed the minimal medical records as well as the opinions of the examining and non-examining physicians.  He also addressed the testimony of Plaintiff's friend and the documents from Plaintiff's husband and ex-husband.  The ALJ also gave some weight to the assessments of Dr. Brownfield and Dr. Subramanium to the extent there opinions were consistent with the medical evidence of record and Plaintiff's testimony.    (Tr. 16).  He gave little weight to Dr. Sharon Keith's assessment, because he found her findings were not fully supported by the objective medical evidence that showed she had hearing loss. (Tr. 16).  He gave the opinion of Dr. Davidson great weight (Tr. 17), and gave little weight to Plaintiff's testimony, because he did not believe the evidence supported her ultimate allegation of disability. (Tr. 17).

Based upon a review of the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination, and the fact that his RFC included all of the Plaintiff's impairments that are supported by the record.

### D.  Hypothetical Question:

At the hearing held before the ALJ, the ALJ posed the following hypothetical questions to the VE:

> Q:  So an individual with a residual functional capacity to perform a full range of light work. Should be able to perform the job of a general office clerk or a grocery checker; is that right?
>
> A:  Yes, sir.
>
> Q:  Let me give you a couple hypothetical questions.  Assume we have an individual who is the same age, education, and work background as that of the claimant. Assume further this individual, from an exertional standpoint, can perform light work. Assume further this individual has a moderate bilateral hearing loss but has hearing aids and can understand conversational speech.

8

Would that compromise the ability to perform and – yeah, go ahead. Does that compromise the ability to perform those jobs?

A:  No, sir.

Q:   So such a person could perform the jobs of a general office clerk of grocery check?

A:  Yes, sir.

Q:  For the second hypothetical, assume this individual would need to work in a controlled environment in which they are not exposed to dust, fumes, or smoke in concentrated amounts or temperature extremes.   Would that compromise the ability to perform those jobs?

A:  No, sir. …

(Tr. 232-233).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing her past relevant work of general office clerk and grocery checker. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.   The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 4th day of December, 2015.

                                        /s/ Erin L. Setser
                                        HONORABLE ERIN L. SETSER
                                        UNITED STATES MAGISTRATE